UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GENADI BARZMAN,

                                Plaintiff,

   -against-

NEW YORK CITY TRANSIT AUTHORITY,

                               Defendant.
------------------------------------------------------------X

Case No.: 23-cv-1430

**COMPLAINT**

*Jury Trial Demanded*

       Plaintiff, Genadi Barzman, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against Defendant, New York City Transit Authority ("Defendant"), respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

       1.     This action is brought by Plaintiff pursuant to the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") to seek redress against Defendant for discrimination against him on the basis of, or at least motivated by, his disability or perceived disability when it failed to hire him for a car inspector position in favor of less qualified, non-disabled applicants.

## JURISDICTION AND VENUE

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 since this is an action arising under the ADA and ADAAA.

       3.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as Defendant resides in this district, a substantial part of the events and omissions giving rise to the claims occurred in this district, and Defendant conducts significant business within this district.

4. Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC") on June 1, 2022. Upon his request, the EEOC issued Plaintiff a "Notice of Right to Sue Within 90 Days" on December 14, 2022. See Exhibit A. This Notice states that Plaintiff has the right "to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice." Plaintiff is filing this Complaint within the prescribed timeframe.

## PARTIES

5. At all relevant times, Plaintiff was and still is a resident of the County of Kings, State of New York.

6. At all relevant times, Plaintiff has been a covered employee within the meaning of the ADA and ADAA.

7. At all relevant times, Defendant has been a covered employer within the meaning of the ADA and ADAA.

8. At all relevant times, Defendant was and still is a public benefit corporation that operates public transportation in New York City, and is organized and existing under and by virtue of the laws of the State of New York.

9. At all relevant times, Defendant was and still is authorized to transact business in the State of New York.

10. At all relevant times, Defendant was and still is transacting business within the State of New York at 180 Livingston Street, 5th Floor, Brooklyn, New York 11201.

## **FACTUAL ALLEGATIONS**

11. Defendant is a public benefit corporation that operates the facility located at 180 Livingston Street, 5th Floor, Brooklyn, New York 11201.

12. Defendant employs more than 15 employees.

13. Plaintiff suffers from speech-related disability, a severe and pronounced stutter, that is a physical impairment that substantially limits his ability to speak and work, is one that Plaintiff has a history or record of, and/or is one perceived by others as such an impairment.

14. Plaintiff stuttered and continues to stutter on a daily basis, multiple times per day.

15. On September 21, 2021, at 8:00 a.m., Plaintiff underwent Defendant's "Car Inspector Exam 8607" in pursuit of a car inspector position working for Defendant.

16. The exam constituted an interview for a car inspector position.

17. At various points during the application process, Defendant's employees were made aware of Plaintiff's disability.

18. Plaintiff spoke with the Defendant's employees throughout the course of the interview and he stuttered at times during the interview.

19. Plaintiff told several of those employees that he did not believe his stutter would impact his ability to do the car inspector job, which did not require much, if any, speaking.

20. Plaintiff was subsequently advised by Defendant that he passed the car inspector exam, which was comprised of written and practical testing, with a final adjusted test score of 85.000.

21. After notice of passing the above test, Defendant invited Plaintiff to participate in a physical test (drug test) and other employment processing inquiries.

22. Upon the end of the exam, Defendant's examiner specifically noted that Plaintiff sufficiently spoke English insofar as it was needed for this position. Based on the examiner's representations, Plaintiff was confident that he passed the test.

23. After the physical test, the same examiner came back to the exam room to advise Plaintiff that he actually did not pass the exam and that he would receive a letter pertaining to his results and the rationale for not passing the exam.

24. After not receiving this letter for about four months, Plaintiff traveled to Defendant's office located at180 Livingston Street in Brooklyn, New York, to learn why he had not received the letter.

25. Plaintiff subsequently received a letter from the Defendants on May 18, 2022 which stated that he had "failed the Qualifying English Oral Test."

26. Defendant thereby confirmed that Plaintiff's stutter was the reason for its failure to hire him.

27. Thereafter, Plaintiff spoke with one of Defendant's employees named Eugene, who confirmed he was involved with Defendant's car inspector department specifically.

28. Eugene contacted Defendant's management directly and was told: "it [Plaintiff's test and/or application] was a long time ago." Eugene told management that Defendant was "violating [Plaintiff's] rights" and management's response to Eugene was: "he can sue us then."

29. The way that Defendant mistreated Plaintiff was in stark contrast to how it treated his non-disabled comparators, who were similarly situated to him and took the same exam.

30. Specifically, Oleg Tubenshlak, who is not disabled and does not have a stutter, took the same exam and received a final adjusted test score of 84. He was subsequently offered a

position with Defendant as a car inspector, which is identical or largely similar to the one Plaintiff applied for and was denied.

31. Another non-disabled applicant without a stutter, Sher (last name unknown), took the same exam and received a final adjusted test score of 85.

32. Based on his exam score Sher was ranked 320 on the eligible list for hire, whereas Plaintiff was higher on the list at number 120 and therefore should have been offered employment before Sher.

33. Sher was hired for the car inspector position and Plaintiff was not.

34. A third non-disabled applicant without a stutter, who informed Plaintiff that he wanted to remain anonymous, took the same exam and received a final adjusted test score of 74. He was also offered the same employment as a car inspector with Defendant and still works for the Defendant.

35. Not only has Defendant's discrimination caused Plaintiff a loss of income and a positive professional reputation, but Plaintiff is also suffering from emotional distress resulting from these events that has caused him to see a psychiatrist.

36. As a result of Defendant's actions described herein, Plaintiff has suffered humiliation, pain and suffering, mental and physical harm, and other compensable damages.

37. Based Defendant's actions described herein, Defendant violated Plaintiff's rights pursuant to the ADA and ADAAA.

## **AS AND FOR A FIRST CLAIM**
*Unlawful disparate treatment pursuant to the ADA and ADAAA*

38. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth fully herein.

39. At all relevant times, Plaintiff was an "employee" pursuant to the ADA and

ADAAA.

40. At all relevant times, Defendant was an "employer" pursuant to the ADA and ADAAA.

41. Pursuant to the ADA and ADAAA, it is unlawful for an employer to discriminate against an employee on the basis of, or at least motivated by, an employee's disability or perceived disability.

42. Pursuant to the ADA and ADAAA, a protected disability is a physical or mental impairment that substantially limits one or more major life activities of an individual.

43. The ADAAA was enacted in favor of broad coverage or protected disabilities to the maximum extent permitted by law.

44. Plaintiff has been suffering, and continues to suffer, from such a disability, to wit, his severe stutter which substantially limits his ability to speak.

45. However, notwithstanding this disability Plaintiff was able to perform all of the duties of a car inspector, which required little, if any, speaking.

46. Plaintiff was qualified for the position he applied for with the Defendant, as evidenced, in part, by his score on the exam and his superior qualifications.

47. Defendants discriminated against Plaintiff based on his disability and perceived disability when they failed to hire him for the car inspector position yet hired non-disabled candidates who were less qualified for the same position, including candidates who received a lower score on the exam.

48. By the acts and practices described herein, Defendants discriminated against Plaintiff on the basis of, or at least motivated by his disability and perceived disability in violation of the ADA and ADAAA.

49. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's rights under the ADA and ADAAA.

50. Plaintiff has suffered and will continue to suffer irreparable injury, including but not limited to, monetary damages, mental anguish, emotional distress, humiliation, harm to his personal reputation, and other compensable damages as a result of Defendants' discriminatory practices.

**WHEREFORE**, Plaintiff seeks the following relief:

(A) All economic damages sustained as a result of Defendant's unlawful conduct, including general and special damages for past and future lost compensation and benefits that she would have received but for Defendant's conduct, including but not limited to back pay and front pay, whether legal or equitable in nature;

(B) Damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with his claims;

(C) Damages to be determined at trial to compensate Plaintiff for harm to his professional and personal reputation in connection with his claims;

(D) Plaintiff's attorneys' fees, as well as the costs and disbursements;

(E) Punitive damages, to the extent permitted by law;

(F) Pre-judgment and post-judgment interest, as provided by law; and

(G) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: Syosset, New York
February 22, 2023

                                    /s/
**BELL LAW GROUP, PLLC**
Paul Bartels, Esq.
116 Jackson Avenue
Syosset, NY 11791
Ph: 516.280.3008
Paul@Belllg.com